UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation, <br><br> Plaintiff, <br><br> v. <br><br> AVENTIS SYSTEMS, INC., a Georgia corporation; and HESAM LAMEI, an individual, <br><br> Defendants. | CASE NO. C16-1234RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss for lack of personal jurisdiction, improper venue, and, alternatively, for failure to state a claim upon which relief may be granted. Dkt. #17. Defendants seek a dismissal of all claims against the Defendant company as well as individual Defendant Hesam Lamei. *Id.* Plaintiff concedes the dismissal of Mr. Lamei, but argues that it has demonstrated personal jurisdiction over the company in this action. Dkt. #21. For the reasons discussed herein, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

## II.   BACKGROUND

Plaintiff develops, distributes, and licenses various types of computer software, including operating system software (such as Microsoft Windows) and productivity software

ORDER
PAGE - 1

(such as Microsoft Office). Dkt. #1 at ¶¶ 15-17. Microsoft holds registered copyrights in the various different versions of these products, and has registered trademarks and service marks associated with the products. *Id*.

Microsoft has identified thousands of product key activations originating from IP addresses assigned to Defendant Aventis, and that were being used to activate unlicensed Microsoft software. Dkt. #22 at ¶ 10. Microsoft asserts that these activations constitute the unauthorized copying, distribution, and use of Microsoft software, in violation of Microsoft's software licenses and intellectual property rights. Dkt. #1 at ¶¶ 38-39.

Defendant Aventis Systems, Inc. ("Aventis") is a Georgia corporation based in Marietta, Georgia, and Mr. Lamei is the President, CEO, and Registered Agent of the corporation. Dkt. #20 at ¶¶ 2 and 4. Aventis advertises and sells computers, computer products and software through websites. A small part of its business is selling repaired and refurbished desktop computers. *Id.* at ¶ 3. Defendants assert that Aventis does not directly advertise to or solicit business in Washington except through its Internet presence. *Id.* at ¶ 17. Aventis has made between 1.9% and 2.9% of its yearly sales from 2013-2016 to customers in Washington State. *Id.*

Aventis has thirty-seven employees, including Mr. Lamei, the CEO. *Id*. at ¶ 3. All of Aventis's employees reside in Georgia except for one who works in the state of Indiana and one who works in the state of Minnesota. *Id*. at ¶ 9. Defendants have never had any offices, bank accounts, post office boxes, or employees in Washington. *Id*. at ¶¶ 5-6. Defendants have never owned or controlled any real or personal property in the state of Washington. *Id*. at ¶ 6. Aventis is not licensed or registered to do business in Washington, and Defendants have never

ORDER
PAGE - 2

paid taxes in Washington. Dkt. #20 at ¶ ¶ 8 and 11.  Aventis has never advertised or solicited business in Washington. *Id*. at ¶ 12.

### III.   DISCUSSION

**A. Standard of Review for Motions Under 12(b)(2)**

The Court first addresses Defendants' arguments regarding personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).  A plaintiff cannot simply rest on the bare allegations of his Complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977).  Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts.  *Schwarzenegger,* at 800. Uncontroverted factual allegations must be taken as true.  Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.  *Id.*  A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits.  *Byron Nelson Co. v. Orchard Management Corp.*

ORDER
PAGE - 3

95 Wn.App. 462, 465, 975 P.2d 555 (1999).  Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same.  *Schwarzenegger,* at 800-01.

The Due Process Clause protects a defendant's liberty interest in not being subject to the binding judgments of a forum with which it has established no meaningful contacts, ties or relations.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).  In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on the relationship among the defendant, the forum, and the litigation.  *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

Personal jurisdiction exists in two forms, general and specific.  *Dole Food Co. v. Watts,* 303 F.3d 1104, 1111 (9th Cir.2002).  General jurisdiction exists over a non-resident defendant when there is "continuous and systematic general business contacts that approximate physical presence in the forum state."  *Schwarzenegger,* at 801.  In the absence of general jurisdiction, the court may still exercise specific jurisdiction over a non-resident defendant.  To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable.  *Easter v. American West Financial,* 381 F.3d 948, 960-61 (9th Cir. 2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000).

///

///

ORDER
PAGE - 4

*1. General Jurisdiction*

A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). As the Ninth Circuit has recently noted, "[g]eneral jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state." *Martinez v. Aero Caribbean*, 2014 U.S. App. LEXIS 16163, *8 (9th Cir. Aug. 21, 2014)(citation omitted). Plaintiff does not dispute that general jurisdiction over both Defendants is lacking in this matter. Accordingly, the Court turns to whether it has specific jurisdiction over Defendants.

*2. Specific Jurisdiction*

a. <u>Defendant Lamei</u>

As an initial matter, the Court DISMISSES Defendant Lamei from this action. Plaintiff agrees to such dismissal, without prejudice, based on the representations made in Mr. Lamei's Declaration. Dkt. #21 at 1 fn. 1. Accordingly, that portion of the instant motion is GRANTED.

b. <u>Defendant Aventis</u>

The Court now turns to the question of jurisdiction over Defendant Aventis. As noted above, in the Ninth Circuit, specific jurisdiction is analyzed using a three-part test: First, the nonresident defendant must have purposefully directed his activities or consummated some transaction with the forum or a forum resident, or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; second, the claim must be one which arises out of or relates to the nonresident defendant's forum-related activities; and third, the exercise

ORDER
PAGE - 5

of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.  If the plaintiff is successful at establishing the first two prongs, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable.

The first prong of the test is analyzed under either a "purposeful availment" standard or a "purposeful direction" standard, which are two distinct concepts.  *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012).  Generally for claims sounding in contract, courts apply a "purposeful availment" analysis, asking whether the defendant has "purposefully avail[ed]" itself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Schwarzenegger*, 374 F.3d at 802.  For claims sounding in tort, courts generally apply a "purposeful direction" test, looking to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere.  *Schwarzenegger*, 374 F.3d at 802-03.

To establish purposeful direction, the plaintiff must show that the defendant committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 788-89, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).  In cases involving allegations such as trademark infringement and misappropriation the Ninth Circuit focuses on "purposeful direction," applying the "*Calder* effects" test.  *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) ("Because [plaintiff] has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'"); *Facebook, Inc. v. Pedersen*, 868 F. Supp.2d 953, 958 (N.D. Cal. 2012) ("The Court finds that the *Calder* effects test is the proper framework for

ORDER
PAGE - 6

analyzing the exercise of specific personal jurisdiction over defendants, because [the plaintiff] alleges trademark dilution and infringement, both of which are tort-like causes of action.").

### i. *Purposeful Direction of Actions At the Forum State*

Defendant Aventis appears not to challenge in this motion that it committed an intentional act causing harm it knew would likely to be suffered in the forum State. Dkt. #17 at 7. However, Defendants argue that Aventis has not purposefully directed any of its activities toward Washington, and has not availed itself of any Washington laws, policies, processes or regulations. Dkt. # 17 at 7. Defendants then go on to argue that Aventis has conducted no activity targeting "California [sic] or its consumers." *Id.* at 7-8. Plaintiff responds that Aventis purposefully aimed its activities in Washington when it sold pirated software to Washington consumers, and affirmatively contacted Microsoft's servers in Washington to activate the software. Dkt. #21 at 9-10.

Plaintiff relies on this Court's prior decision in a nearly identical case, *Microsoft v. Mountain West Computers, Inc.*, Case No. C14-1772RSM (W.D. Wash. Jul. 22, 2015), in which the Court denied Defendant's motion to dismiss for lack of jurisdiction. In that case, this Court examined the U.S. Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), which reversed the Ninth Circuit to hold that personal jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State" and that "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 134 S. Ct. at 1122. The Supreme Court expressly extended its holding to the intentional tort context, explaining that it was rooted in the proposition that "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties." *See id.* at 1122-23. The court rejected the idea,

ORDER
PAGE - 7

inherent in *Washington Shoe*, that a defendant's knowledge of a plaintiff's forum connections and the foreseeability of harm there are enough in themselves to satisfy the minimum contacts analysis. *Id.* at 1124-25. This Court then went on to deny Defendant's motion to dismiss because it found that the defendants had ordered products directly from a vendor located in the forum state, and then affirmatively contacted Microsoft through internet contact with its servers and by telephone to validate the software it was installing. *Mountain West Computers, Inc.*, Case No. C14-1772RSM, Dkt. #37 at 12-13.

In the instant matter, the allegations are that Defendants accessed Plaintiff's computer servers to unlawfully validate unlicensed software in violation of trademark and copyright laws. Further, Aventis is alleged, and in fact admits, to have sold computers containing the alleged pirated software to consumers in this forum. Such allegations, if true, satisfy the "express aiming" element. The Defendants' alleged actions were intentional and directed at Plaintiff. The alleged actions were not merely contacts with Washington that could have foreseeable effects in Washington. Here, the alleged actions were aimed at a Washington business. If the allegations are true, it was not only foreseeable but certain that their conduct would harm Plaintiff in Washington.

This conclusion is supported by Ninth Circuit authority. Where a tort is "intentional," the Ninth Circuit has "found jurisdiction in the plaintiff's home forum," even though the directions of the intentional act and the known impact diverged, because "in such cases the 'acts are performed for the very purpose of having their consequences felt in the forum state.'" *Id.* at 675-76 (quoting *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989)). "[T]he respective directions of the intentional act and the known impact need not coincide for the 'express aiming' requirement to be satisfied." *Id.* This is particularly salient

ORDER
PAGE - 8

with respect to claims of infringement of intellectual property rights. *See Washington Shoe*, 704 F.3d at 675; *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp.3d 945, 961 (N.D. Cal. 2015) (citing and collecting cases where courts have held that "specific jurisdiction exists where a plaintiff files suit in its home state against an out-of-state defendant and alleges that defendant intentionally infringed its intellectual property rights knowing [the plaintiff] was located in the forum state" (internal citation omitted)).

Defendants rely on an unpublished Ninth Circuit case, *Hatset v. Century 21 Gold Coast Realty*, 649 Fed. Appx. 400 (9th Cir. Apr. 20, 2016), to support its assertion that the only connection that Aventis has with this forum is in adequate. Setting aside that the cited case has no precedential value (it being unpublished) the Ninth Circuit emphasized in that case:

> The only connection between Goldenberg and California is the fact that Hatset is a California resident. But as the Supreme Court has recently explained, "the plaintiff *cannot* be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him . . . . Due process requires that a defendant be haled into court in a forum State based on his *own affiliation* with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23, 188 L. Ed. 2d 12 (2014) (emphasis added) (internal citations omitted).

*Hatset*, 649 Fed. Appx. At 402.

Here, it is the Defendants' conduct on which this Court focuses. Defendants admit that a portion of Aventis's sales, albeit a small one, are made to Washington consumers. Dkt. #17 at ¶ 20. Further, it does not provide any evidence refuting that on March 6, 2016, Aventis sold a refurbished computer system originally manufactured by Dell to a person located in Washington pre-installed with Windows 7 Professional. *See* Dkt. #22 at ¶ 12. It further does not provide any evidence refuting that it installed and activated that software with a product

ORDER
PAGE - 9

key distributed to Hewlett Packard for use only with an HP device. *Id.* Likewise, it does not dispute that it had knowledge that Plaintiff is located in this forum. Accordingly, the Court finds the conduct allegedly engaged in by the Defendants was expressly aimed at Washington.

### ii.  *Claims Arise or Result from Forum Related Activities*

The second part of the test for specific personal jurisdiction directs that the Court determine whether the plaintiff's claims "arise out" of the defendants' forum-related activities. The Ninth Circuit has adopted the "but for" test to determine the "arising out of" requirement. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990) (internal citation omitted). "The Ninth Circuit has recognized that, in trademark or copyright infringement actions, if the defendant's infringing conduct harms the plaintiff in the forum, this element is satisfied." *Adobe Sys.*, 125 F. Supp. 3d at 963.

Plaintiff's claims against Defendants are: Copyright Infringement, Trademark Infringement, False Designation of Origin, False Description and Representation of Microsoft Packaging and Programs, Unfair or Deceptive Acts or Practices in violation of RCW 19.86, *et seq.*, Common Law Unfair Competition, Imposition of a Constructive Trust and Accounting. Dkt. #1 at ¶¶ 44-91. These claims are derived from Plaintiff's allegations discussed above that satisfied the purposeful availment/direction prong. Defendants only argument as to this element is that the infringement claims would exist even without their contacts with Washington. The Court is not persuaded. But for the alleged conduct of the Defendants, the alleged injuries to Plaintiff would not have occurred. Plaintiff's claims against Defendants are derived from the Defendants' intentional conduct with consumers located in Washington and contact with Plaintiff's servers located in Washington such that the claims arise out of the alleged violating conduct.

ORDER
PAGE - 10

### iii. *Reasonableness of Exercising Jurisdiction*

Finally, the Court must determine whether the exercise of jurisdiction is reasonable. When making this determination, the Court examines seven factors: 1) existence of an alternative forum; 2) burden on the defendant; 3) convenience and effectiveness of relief for the plaintiff; 4) most efficient judicial resolution of the dispute; 5) conflict with sovereignty of the defendants' state; 6) extent of purposeful interjection; and the forum state's interest in the suit. *Brand v. Menlove Dodge*, 796 F. 2d 1070, 1075 (9th Cir. 1986).

#### 1. Existence of An Alternative Forum

Neither party disputes that the Northern District of Georgia exists as an alternative forum. However, "[w]hether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1080 (9th Cir. 2011) (quotation omitted). As discussed below, the Court finds this forum to be reasonable. Therefore, this factor is neutral.

#### 2. Burden on the Defendant

Defendants argue that litigating this case in this District would be an "extreme 'burden'". Dkt. #17 at 9. They emphasize that they are not Washington residents, have no assets or property located in Washington, and do not travel to Washington. *Id.* Defendants further argue that, most significantly, traveling to Washington for trial would "substantially disrupt" business. *Id.* However, this Court has often held that the mere fact a Defendant is located out of state is insufficient to show an "excessive geographic burden." *See, e.g.*, *Authentify Patent Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp.3d 1135, 1147-48 (W.D. Wash. 2014) (finding that a New Jersey-based defendant had not demonstrated excessive geographic burden). Indeed, with respect to the discovery process, it is common that

information and documents are now exchanged electronically.  *See Wilton v. Hallco Indus., Inc.*, 2009 WL 113735, at *3 (W.D. Wash. Jan. 15, 2009).  Further, in this Court, unless otherwise ordered by the Court, motions are decided on the pleadings without oral argument.  Local Civil Rule 7(b)(4).  It is also typical for out-of-state parties to appear by telephone for efficiency and to contain costs.  As for the requirement of a company representative at trial, Defendants have failed to demonstrate that Mr. Lamei would necessarily be away from his company so long that his business would suffer.  Accordingly, the Court does not find that this favor weighs in favor of Defendants.

3.   Convenience and Effectiveness of Relief for Plaintiff

Defendants argue that with respect to the convenience and effectiveness of relief for the Plaintiff, this factor is neutral.  Dkt. #17 at 10.  The Court disagrees.  Plaintiff has asserted two Washington state common law and statutory claims in addition to its federal statutory claims, and therefore has an interest in convenient and effective relief in a Court in this forum that is experienced in analyzing Washington laws.  *See Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007) (finding that this factor favors plaintiff where it asserts state law claims and "may not get effective relief in another forum").  Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

4.   Most Efficient Judicial Resolution of the Dispute

"In evaluating this factor, [the Ninth Circuit] ha[s] looked primarily at where the witnesses and the evidence are likely to be located."  *Menken*, 503 F.3d at 1060–61(internal quotation marks omitted).  Defendants argue that this factor weighs in their favor because their witnesses and evidence are primarily located in Georgia, and because Plaintiff also has offices in Northern Georgia.  Dkt. #17 at 10.  Again, the Court is not persuaded.  Plaintiff has asserted

that it may need to produce up to a dozen witnesses to testify to various aspects of its cyberforensic processes, licensing types and restrictions, and intellectual property, as well as the data it collected and analyzed, and its investigation and subsequent identification of allegedly abused product keys. Dkt. #22 at ¶ 16. Defendants have presented no details about who they believe will appear as a witness on its behalf, other than Defendant Lamei, or what evidence they would present that would be more conveniently produced in Georgia. Accordingly, the Court finds that this factor slightly favors Plaintiff.

### 5. Conflict with Sovereignty of the Defendants' State

The parties agree that there is no conflict between Washington and Georgia regarding sovereignty. Accordingly, this factor favors Plaintiff. *See Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007).

### 6. Extent of Purposeful Interjection

Defendants essentially argue that they did not interject themselves into Washington, but asserts that even if they did, the slight interjection should be weighed against the overall reasonableness of litigating in this forum. Dkt. #17 at 9. The Court finds that Defendants did interject themselves into Washington, at least to the extent they conducted sales in this state. Thus, the Court finds this factor weighs slightly in favor of Plaintiff.

### 7. The Forum State's Interest in the Suit

Finally, Defendants argue that the forum state's interest in this suit is not implicated because the causes of action involve federal claims. Dkt. #17 at 10. The Court does not agree. First, the causes of action against Defendants not only involve federal claims for relief, but Washington state law claims as well. Further, the Ninth Circuit has long recognized that each state has "a strong interest in protecting its residents from torts that cause injury within the

state, and in providing a forum for relief." *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989).   Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

For all of these reasons, the Court finds that the exercise of personal jurisdiction over Defendant Aventis is appropriate in this forum.

**B. Motion to Dismiss for Improper Venue Under Rule 12(b)(3)**

Defendants next move for dismissal of the claims against them for improper venue. Dkt. #17 at 12.  In the alternative, Defendants ask that the Court transfer the matter to the Northern District of Georgia.  Defendants first argue that venue is improper under 28 U.S.C. § 1400(a), the general copyright venue statute, because the Court lacks personal jurisdiction over them.  *Id.*  As discussed above, the Court does have personal jurisdiction over Defendant Aventis.  Accordingly, there is no need to address Defendants' other venue arguments.

Thus, the Court turns to Defendants' alternative argument for transfer to the Northern District of Georgia.  Dkt. #17 at 12-14.  Under 28 U.S.C. § 1404 (a) the Court may transfer a case to any other District in which the case could have been brought for the convenience of the parties and in the interest of justice.  The factors that the Court considers in analyzing a transfer request largely mirror the factors for consideration of whether personal jurisdiction comports with fair play and substantial justice.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Here the Court has already determined that the location of the evidence does not weigh in favor of jurisdiction in Georgia, and Defendants agree that any District is equally capable of applying the laws implicated in this matter.  With respect to the location of the parties and witnesses, Defendants have identified only Mr. Lamei as a potential company representative and witness.  The Court has already found that his appearance in this District is

likely only at trial in this matter, and thus does not support the "extreme" burden on his business that he asserts. Likewise, the Court has also already determined that the interests of justice do not weigh in favor of jurisdiction in Georgia. Accordingly, the Court declines to transfer this case to the Northern District of Georgia.

### C. Motion to Dismiss Mr. Lamei Under 12(b)(6)

Finally, Defendants have moved to dismiss Defendant Lamei for failure to state a claim against him. Dkt. #17 at 15. Because Plaintiff has already agreed to dismiss Mr. Lamei for lack of jurisdiction, Defendants' Motion to Dismiss under Rule 12(b)(6) will be denied as MOOT.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss (Dkt. #17) is GRANTED IN PART AND DENIED IN PART. To the extent that Defendants seek to dismiss Mr. Lamei for lack of personal jurisdiction, the motion is GRANTED and Mr. Lamei is dismissed as a Defendant to this action. Defendant Aventis remains in the litigation in this forum as discussed above.

DATED this 10th day of November 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE